**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TAMER ZAKI AODE,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement; Enforcement and Removal Operations<br><br>Respondent. | ) | No. 2:26-cv-03343-SHL-atc |

**ORDER GRANTING PETITION**

On October 9, 2026, Petitioner Tamer Zaki Aode filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his immigration-related detention as violative of his Fifth Amendment due process and Fourth Amendment rights. (Id. at PageID 2.) He seeks immediate release from Respondent's custody. (Id. at PageID 6.) Respondent responded on October 15, 2026. (ECF No. 6.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (Id. at PageID 14.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Petitioner is a native and citizen of Jordan, who entered the United States in December 2023, on an E2 visa as a minor child. (Id.; ECF No. 1 at PageID 2.) He resides with his U.S. citizen wife and has other family members in the U.S. (ECF No. 1 at PageID 2.) Petitioner was take into ICE custody on October 2, 2026. (Id.) He remains at the West Tennessee Detention

Facility. (ECF No. 6 at PageID 15.) He seeks immediate release from Respondent's custody. (ECF No. 1 at PageID 6.)

**ANALYSIS**

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 6 at PageID 14.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 6 at PageID 15.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id. at PageID 15–17.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative

to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Further, Respondent is **ORDERED** to ensure that Petitioner is released with his personal belongings, including all documentation he had in his possession when taken into custody. Finally, Respondent is **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 15th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE